MARC J. FAGEL (Cal. Bar No. 154425)
MICHAEL S. DICKE (Cal. Bar No. 158187)
JINA L. CHOI (Admitted in New York)
   choij@sec.gov
JENNIFER J. LEE (Cal Bar No. 261399)
   leejen@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, 26th Floor
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

*E-filing*

*HRL*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No. CV 12 1743 |
|         Plaintiff, | CONSENT OF ECITY, INC. |
|    v. | |
| BENEDICT VAN, HEREUARE, INC., and ECITY, INC. | |
|         Defendants. | |

Defendant eCity, Inc. ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

1.    Without admitting or denying the allegations of the complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:  permanently restrains and enjoins Defendant from violation of Section 17(a)(2) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5(b) thereunder;

2.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

1      3.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of

2  the Final Judgment.

3      4.      Defendant enters into this Consent voluntarily and represents that no threats,

4  offers, promises, or inducements of any kind have been made by the Commission or any

5  member, officer, employee, agent, or representative of the Commission to induce Defendant to

6  enter into this Consent.

7      5.      Defendant agrees that this Consent shall be incorporated into the Final Judgment

8  with the same force and effect as if fully set forth therein.

9      6.      Defendant will not oppose the enforcement of the Final Judgment on the ground,

10  if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and

11  hereby waives any objection based thereon.

12      7.      Defendant waives service of the Final Judgment and agrees that entry of the Final

13  Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

14  of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

15  within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

16  or declaration stating that Defendant has received and read a copy of the Final Judgment.

17      8.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

18  against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

19  representation has been made by the Commission or any member, officer, employee, agent, or

20  representative of the Commission with regard to any criminal liability that may have arisen or

21  may arise from the facts underlying this action or immunity from any such criminal liability.

22  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

23  including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

24  that the Court's entry of a permanent injunction may have collateral consequences under federal

25  or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

26  other regulatory organizations.  Such collateral consequences include, but are not limited to, a

27  statutory disqualification with respect to membership or participation in, or association with a

28  member of, a self-regulatory organization.  This statutory disqualification has consequences that

1   are separate from any sanction imposed in an administrative proceeding.  In addition, in any

2   disciplinary proceeding before the Commission based on the entry of the injunction in this

3   action, Defendant understands that it shall not be permitted to contest the factual allegations of

4   the complaint in this action.

5       9.      Defendant understands and agrees to comply with the Commission's policy "not

6   to permit a defendant or respondent to consent to a judgment or order that imposes a sanction

7   while denying the allegations in the complaint or order for proceedings." 17 C.F.R. § 202.5.  In

8   compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to

9   be made any public statement denying, directly or indirectly, any allegation in the complaint or

10  creating the impression that the complaint is without factual basis; and (ii) that upon the filing of

11  this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they

12  deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission

13  may petition the Court to vacate the Final Judgment and restore this action to its active docket.

14  Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take

15  legal or factual positions in litigation or other legal proceedings in which the Commission is not

16  a party.

17      10.     Defendant hereby waives any rights under the Equal Access to Justice Act, the

18  Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to

19  seek from the United States, or any agency, or any official of the United States acting in his or

20  her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees,

21  expenses, or costs expended by Defendant to defend against this action.  For these purposes,

22  Defendant agrees that Defendant is not the prevailing party in this action since the parties have

23  reached a good faith settlement.

24      11.     Defendant agrees that the Commission may present the Final Judgment to the

25  Court for signature and entry without further notice.

26      12.     Defendant agrees that this Court shall retain jurisdiction over this matter for the

27  purpose of enforcing the terms of the Final Judgment.

28  //

3

1   Dated: _2-10-12_                          _Benedict Van_

2                                              Benedict Van
                                               Founder and CEO, eCity, Inc.

3

4

5   State of <u>California</u>

6   County of <u>Santa Clara</u>

7
    Subscribed and sworn to (or affirmed) before me on this <u>10th</u> day of <u>February</u>,
8
    <u>2012</u>, by <u>Benedict Van</u>, proved to me on the basis of satisfactory evidence to be
9
    the person who appeared before me, proved to me on the basis of satisfactory
10
    evidence to be the person who appeared before me.
11

12  Signature _Shirley A. Davis_

13                    Signature of Notary Public

14

15                    SHIRLEY A. DAVIS
                       Commission # 1868558
                       Notary Public - California
16                     Santa Clara County
    Approved as to form:  My Comm. Expires Oct 18, 2013

17

18  Stephen M. Wurzburg, Esq.

19  Pillsbury Winthrop Shaw & Pittman LLP
    2475 Hanover Street
20  Palo Alto, California 94304
    650-233-4538
21  Attorney for Defendant

22

23

24

25

26

27

28

                              4