1  MARC J. FAGEL (Cal. Bar No. 154425)
   MICHAEL S. DICKE (Cal. Bar No. 158187)
2  JINA L. CHOI (Admitted in New York)
      choij@sec.gov
3  JENNIFER J. LEE (Cal Bar No. 261399)
      leejen@sec.gov
4
   Attorneys for Plaintiff
5  SECURITIES AND EXCHANGE COMMISSION **E-filing**
   44 Montgomery Street, 26th Floor
6  San Francisco, California 94104
   Telephone: (415) 705-2500
7  Facsimile: (415) 705-2501

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11 SECURITIES AND EXCHANGE COMMISSION,    Case No.  CV 12    1743

12          Plaintiff,                    [PROPOSED] FINAL JUDGMENT AS
                                          TO ALL DEFENDANTS
13          v.

14 BENEDICT VAN, HEREUARE, INC., and
   ECITY, INC.
15
            Defendants.

16     The Securities and Exchange Commission having filed a Complaint and Defendants

17 Benedict Van, hereUare, Inc. ("hereUare"), and eCity, Inc. ("eCity") (collectively "Defendants")

18 having each entered a general appearance; consented to the Court's jurisdiction over Defendants

19 and the subject matter of this action; consented to entry of this Final Judgment without admitting

20 or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact

21 and conclusions of law; and waived any right to appeal from this Final Judgment:

22                         I.

23     IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants and their

24 agents, servants, employees, attorneys, and all persons in active concert or participation with

25 them who receive actual notice of this Final Judgment by personal service or otherwise are

26 permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the

27 Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b)

28 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of

1 | interstate commerce, or of the mails, or of any facility of any national securities exchange, in

2 | connection with the purchase or sale of any security to make any untrue statement of a material

3 | fact or to omit to state a material fact necessary in order to make the statements made, in the light

4 | of the circumstances under which they were made, not misleading.

5 |                                         II.

6 |         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

7 | Defendants and their agents, servants, employees, attorneys, and all persons in active concert or

8 | participation with them who receive actual notice of this Final Judgment by personal service or

9 | otherwise are permanently restrained and enjoined from violating Section 17(a)(2) of the

10 | Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any

11 | security by the use of any means or instruments of transportation or communication in interstate

12 | commerce or by use of the mails, directly or indirectly, to obtain money or property by means of

13 | any untrue statement of a material fact or any omission of a material fact necessary in order to

14 | make the statements made, in light of the circumstances under which they were made, not

15 | misleading.

16 |                                         III.

17 |         IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

18 | Van and Defendant hereUare, as well as their agents, servants, employees, attorneys, and all

19 | persons in active concert or participation with them who receive actual notice of this Final

20 | Judgment by personal service or otherwise, are permanently restrained and enjoined from

21 | violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the

22 | absence of any applicable exemption:

23 |         (a)     Unless a registration statement is in effect as to a security, making use of any

24 |                 means or instruments of transportation or communication in interstate commerce

25 |                 or of the mails to sell such security through the use or medium of any prospectus

26 |                 or otherwise;

27 |         (b)     Unless a registration statement is in effect as to a security, carrying or causing to

28 |                 be carried through the mails or in interstate commerce, by any means or

1    instruments of transportation, any such security for the purpose of sale or for

2    delivery after sale; or

3    (c)    Making use of any means or instruments of transportation or communication in

4    interstate commerce or of the mails to offer to sell or offer to buy through the use

5    or medium of any prospectus or otherwise any security, unless a registration

6    statement has been filed with the Commission as to such security, or while the

7    registration statement is the subject of a refusal order or stop order or (prior to the

8    effective date of the registration statement) any public proceeding or examination

9    under Section 8 of the Securities Act [15 U.S.C. § 77h].

10                                    IV.

11        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section

12    21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Van is permanently prohibited

13    following the date of entry of this Final Judgment, from acting as an officer or director of any

14    issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15

15    U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15

16    U.S.C. § 78o(d)].

17                                    V.

18        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant

19    Van is liable for disgorgement of $125,000.00, representing profits gained as a result of the

20    conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of

21    $34,130.87, for a total of $159,130.87.  Based on Defendant Van's sworn representations in his

22    Statement of Financial Condition dated March 19, 2012, and other documents and information

23    submitted to the Commission, however, the Court is not ordering Defendant Van to pay a civil

24    penalty, and payment of all of the disgorgement and pre-judgment interest thereon is waived.

25    The determination not to impose a civil penalty and to waive payment of all of the disgorgement

26    and pre-judgment interest is contingent upon the accuracy and completeness of Defendant Van's

27    Statement of Financial Condition.  If at any time following the entry of this Final Judgment the

28    Commission obtains information indicating that Defendant Van's representations to the

1    Commission concerning his assets, income, liabilities, or net worth were fraudulent, misleading,

2    inaccurate, or incomplete in any material respect as of the time such representations were made,

3    the Commission may, at its sole discretion and without prior notice to Defendant Van, petition

4    the Court for an order requiring Defendant Van to pay the unpaid portion of the disgorgement,

5    pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable

6    under the law.  In connection with any such petition, the only issue shall be whether the financial

7    information provided by Defendant was fraudulent, misleading, inaccurate, or incomplete in any

8    material respect as of the time such representations were made.  In its petition, the Commission

9    may move this Court to consider all available remedies, including, but not limited to, ordering

10    Defendant Van to pay funds or assets, directing the forfeiture of any assets, or sanctions for

11    contempt of this Final Judgment.  The Commission may also request additional discovery.

12    Defendant Van may not, by way of defense to such petition:  (1) challenge the validity of the

13    Consent or this Final Judgment; (2) contest the allegations in the Complaint filed by the

14    Commission; (3) assert that payment of disgorgement, pre-judgment and post-judgment interest

15    or a civil penalty should not be ordered; (4) contest the amount of disgorgement and pre-

16    judgment and post-judgment interest; (5) contest the imposition of the maximum civil penalty

17    allowable under the law; or (6) assert any defense to liability or remedy, including, but not

18    limited to, any statute of limitations defense.

19                                  VI.

20        IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

21    jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

22                                   VII.

23        There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

24    Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

25    Dated: _____

26

27                                    _____
                                     UNITED STATES DISTRICT JUDGE

28